UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS GIANNOLA, etc.,
et al.,

      Plaintiffs,

v.                        CASE NO. 8:10-CV-2541-T-17TBM

WW ZEPHYRHILLS, LLC,
etc., et al.,

      Defendants.

_____/

ORDER

    This cause is before the Court on:

Dkt. 6    Motion to Dismiss
Dkt. 10   Opposition Memorandum

    The Complaint in this case includes the employment discrimination claims of Plaintiffs Nicholas Giannola, George E. Vance, III and Amanda Vance.  Plaintiffs have asserted claims under 42 U.S.C. Sec. 2000e et seq., Sec. 760.01, Florida Statutes, and Sec. 448, Florida Statutes.  The Charges of Discrimination filed by Plaintiffs assert discrimination based on sex, and retaliation (Dkt. 7). In Plaintiffs' Charges of Discrimination, Plaintiffs name West Winds ALF, 37411 Eiland Blvd., Zephyrhills, FL as Plaintiffs' employer.  The Charge of Discrimination of Plaintiff Nicholas Giannola spans conduct from 8/1/2009 through 3/1/2010.  The Charge of Discrimination of Plaintiff George Vance spans conduct from 8/1/2009 through 3/1/2010.  The Charge of Discrimination of Plaintiff Amanda Vance spans conduct from 8/1/2009 through 1/15/2010.

Case No. 8:10-CV-2541-T-17TBM

The conduct complained of includes adverse employment actions carried out by Casey O'Keefe, Administrator/Executive Director of West Winds Assisted Living Center.  In the Complaint (Dkt. 1), Plaintiffs allege that Defendants WW Zephyrhills, LLC, West Winds ALF, LLC and Golden Health Services, Inc. operated West Winds Assisted Living Center, 37411 Eiland Blvd., Zephyrhills, FL.  Plaintiffs identify the principal place of business of each Defendant at an address which is different from the West Winds facility where Plaintiffs worked, and where the alleged discriminatory acts took place.  Plaintiffs identify Dennis O'Keefe as the Registered Agent of Defendant Golden Health Services, Inc., the Registered Agent and Managing Member of Defendant WWH, and the Registered Agent of Defendant West Winds. Plaintiffs further allege that Susan O'Keefe is the President of Golden Health Services, Inc., and the Managing Member of West Winds ALF, LLC is Golden Health Services, Inc.

Defendants move to dismiss, or for more definite statement. Defendants argue that a party not named in an EEOC charge cannot be sued in a subsequent civil action.  <u>Virgo v. Riviera Beach Associates, Ltd.</u>, 30 F.3d 1350, 1358-59 (11th Cir. 1994). Defendants further argue that the naming requirement notifies the charged party of the allegations and allows the party to participate in conciliation and voluntarily comply with the requirements of Title VII.

Defendants also move to dismiss for failure to state a claim or because the Complaint does not confer subject matter jurisdiction, as Plaintiffs do not specifically allege how the entities identified as Defendants are "employers" subject to Title VII i.e. a person engaged in an industry affecting commerce

2

Case No. 8:10-CV-2541-T-17TBM

who has fifteen or more employees for each working day in each of
twenty or more calendar weeks in the current or preceding
calendar year.  Defendants argue that since Plaintiffs' causes of
action under federal law fail, the Court lacks jurisdiction over
the state law claims.

Plaintiffs respond that the allegations of the Complaint
detail an interrelationship between the parties that would serve
to notify all Defendants of the EEOC claim, and the allegations
as plead satisfy the pleading requirements of Title VII.
Plaintiffs argue that it is reasonable to assume that when West
Winds ALF, LLC was notified of the EEOC inquiry, all Defendants
were made aware of the claim.  Plaintiffs argue that Dennis
O'Keefe is the Registered Agent for all Defendants, and counsel
for all Defendants is the same attorney who was provided a copy
of the Right to Sue letter issued by the EEOC for all three
Plaintiffs.  Plaintiffs argue that all Defendants were given an
opportunity to participate in the EEOC process and there was no
prejudice to any Defendant named in the Complaint but not named
in the Charges of Discrimination.

In response to Defendants' argument that the Complaint is
deficient because it does not explain "how" the Defendants are
"employers" of Plaintiffs, Plaintiffs argue that such a finding
will be revealed through discovery and is a question of fact, as
is the question of "joint employers."  Plaintiffs argue that the
Complaint states on multiple occasions that Defendants are the
employer of Plaintiffs, which satisfies the pleading requirements
of Title VII.

3

Case No. 8:10-CV-2541-T-17TBM

I.   Standard of Review

a)   Rule 12(b)(1)

Attacks on subject matter jurisdiction under Rule 12(b)(1)
come in tow forms, "facial" and "factual" attacks.  <u>Lawrence v.
Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Facial attacks
challenge subject matter jurisdiction based on allegations in the
complaint, and the district court takes the allegations as true
in deciding whether to grant the motion.  <u>Id</u>. at 1529.  Factual
attacks challenge subject matter jurisdiction in fact,
irrespective of the pleadings.  <u>Id</u>. In resolving a factual
attack, the district court may consider extrinsic evidence such
as testimony and affidavits.  In a factual attack, no presumptive
truthfulness attaches to plaintiff's allegations, and the
existence of disputed material facts will not preclude the trial
court from evaluation for itself the merits of the jurisdictional
issue.  <u>Id</u>.  The district court should only rely on Rule 12(b)(1)
if the facts necessary to sustain jurisdiction do not implicate
the merits of the plaintiff's cause of action.  <u>Garcia v.
Copenhaver, Bell & Associates</u>, 104 F.3d 1256, 1261 (11th Cir.
1997).

b)   Rule 12(b)(6)

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief." "[D]etailed factual
allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S.
544, 555 (2007), but the Rule does call for sufficient factual
matter, accepted as true, to "state a claim to relief that is

Case No. 8:10-CV-2541-T-17TBM

plausible on its face," Id., at 570.  A claim has facial
plausibility when the pleaded factual content allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged. Id., at 556.  Two working principles
underlie Twombly.  First, the tenet that a court must accept a
complaint's allegations as true is inapplicable to threadbare
recitals of a cause of action's elements, supported by mere
conclusory statements. Id., at 555.  Second, only a complaint
that states a plausible claim for relief survives a motion to
dismiss.  Determining whether a complaint states a plausible
claim is context-specific, requiring the reviewing court to draw
on its experience and common sense. Id., at 556.  A court
considering a motion to dismiss may begin by identifying
allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can
provide the complaint's framework, they must be supported by
factual allegations.  When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956
(2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).


II.  Discussion


     Title VII provides that "[t]he term "employer" means a
person engaged in an industry affecting commerce who has fifteen
or more employees for each working day in each of twenty or more
calendar weeks in the current or preceding calendar year, and any
agent of such a person...." See 42 U.S.C. 2000e(b).  A plaintiff
who names more than one entity in a complaint for discrimination,
and who is proceeding under a "joint employer" theory, may

5

Case No. 8:10-CV-2541-T-17TBM

aggregate the number of employees.  See Virgo v. Riviera Beach
Assocs., Ltd., 30 F.3d 1350, 1361 (11th Cir. 1994).  The joint
employer doctrine is applicable when separate businesses at issue
have become associated with one another via a contractual
relationship.  See Virgo, at 1360-1361.

   The primary purpose of Title VII is remedial, and its aim
is to eliminate employment discrimination by creating a federal
cause of action to promote and effectuate its goals.  To that
end, Title VII is to be given a liberal construction, which
includes a broad interpretation as to the employer and employee
provisions.  There is a tension between the broad interpretation
accorded Title VII, and corporate law principles.  Businesses may
incorporate to limit liability, and to isolate liabilities among
separate entities.

A.  Subject Matter Jurisdiction

   Defendants' attack on subject matter jurisdiction is a
facial attack which is based on the allegations of the Complaint.
The Court takes the allegations of the Complaint as true in
deciding whether to grant the motion.

   Where a jurisdictional challenge implicates the merits of a
plaintiff's underlying claim, the proper course of action is to
find that jurisdiction exists and deal with the objection as a
direct attack on the merits of the plaintiff's cause of action.
Morrison v. Amway Corp., 323 F.3d 920 (11th Cir. 2003)(FMLA
case).

   After consideration, the Court denies the Motion to Dismiss

6

Case No. 8:10-CV-2541-T-17TBM

under Rule 12(b)(1).

B.   Rule 12(b)(6)

Title VII requires ordinarily that an individual filing a
charge with the EEOC name all of the individuals against whom the
charge is brought.  See 42 U.S.C. Sec. 2000e-5(f)(1); Virgo v.
Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994).
The requirement that the plaintiff name the Title VII defendant
in the EEOC charge ensures: 1) that the defendant is notified
early on of the discrimination claim, allowing him an opportunity
to preserve evidence that could be useful in his defense; and 2)
that the EEOC can include all relevant parties in its
investigation and conciliation efforts.

The Eleventh Circuit Court of Appeals liberally construes
the naming requirement of Title VII, examining whether the
purposes of the Act have been fulfilled to determine whether a
party unnamed in the EEOC charge may be subjected to the
jurisdiction of federal courts.  Id. at 1358-1359; Clark v. City
of Macon, Ga., 860 F. Supp. 1545, 1550-1551 (M.D. Ga. 1994).

In order to determine whether the purposes of Title VII are
met, the Court must consider: 1) the similarity of interest
between the named party and the unnamed party; 2) whether the
plaintiff could have ascertained the identity of the unnamed
party at the time the EEOC charge was filed; 3) whether the
unnamed parties received adequate notice of the charges; 4)
whether the unnamed parties had an adequate opportunity to
participate in the conciliation process; and 5) whether the
unnamed party was actually prejudiced by its exclusion from the

7

Case No. 8:10-CV-2541-T-17TBM

EEOC proceedings.  See Lewis v. Asplundh Tree Expert Company, 402
Fed.Appx. 454 (11th Cir. 2010)(unpublished)(citing Virgo v.
Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1359 (11th Cir. 1994)).
The test is not meant to be a "rigid test", and "[o]ther factors
may be relevant depending on the specific facts of the case."
Id.  An additional factor that may be considered is whether an
investigation of the unnamed party "could have reasonably grown
out of [the EEOC] charge."  Id.

     An "identity of interest" may exist when, "under the
circumstances, the interests of a named party are so similar as
the unnamed party that for the purpose of obtaining voluntary
conciliation and compliance it would be unnecessary to include
the unnamed party in the EEOC proceedings."  Wong v. Calvin, 87
F.R.D. 185 (N.D. Fla. 1980).

     The Court has considered the allegations of the Complaint
(Dkt. 1), and the Charges of Discrimination (Dkt. 7).  The Court
considers the Charges of Discrimination to be a part of the
Complaint, in that the Charges are central to Plaintiffs' claims
and their authenticity is not in dispute.  The allegations in the
Charges of Discrimination may support claims of discrimination
based on discrete events and/or a hostile work environment.  Two
of the Charges of Discrimination refer to Plaintiffs'
consultation with an attorney before Plaintiffs' employment was
terminated, and Plaintiffs filed the Charges of Discrimination.
The only entity that Plaintiffs refer to in the Charges of
Discrimination is West Winds ALF, and the only individual who
carried out the alleged discriminatory conduct is Plaintiffs'
then-supervisor, Casey O'Keefe.  At this point, the Court has no
information as to how the additional Defendants are connected to

8

Case No. 8:10-CV-2541-T-17TBM

West Winds ALF.

The standard of review for a Rule 12(b)(6) motion is somewhat higher than when the Court decided a case such as <u>Digiro v. Pall Corp.</u>, 993 F.Supp. 1471 (M.D. Fla. 1998). The current standard of review requires a plaintiff to allege sufficient facts to support a plausible claim for relief. The current Complaint provides no facts which indicate how or why Plaintiffs assert claims against other entities in addition to West Winds ALF, which is named in the Charge of Discrimination. Plaintiffs must have <u>some</u> factual basis for Plaintiffs' allegation that additional entities were Plaintiffs' employer at the relevant time, and which would clarify the legal theory on which Plaintiffs are proceeding. The question of employer/employee status is a question of fact which the Court would expect to resolve fully at the summary judgment stage.

After consideration, the Court will grant the Motion to Dismiss, with leave to file an amended Complaint which contains a factual basis for including the additional entities in addition to West Winds ALF in Plaintiffs' Complaint. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss under Rule 12(b)(1) is **denied,** and Defendants' Motion to Dismiss under Rule 12(b)(6) is **granted,** with leave to file an amended complaint within fourteen days.

9

Case No. 8:10-CV-2541-T-17TBM

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 14th day of July, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

10